Reese; J.
delivered the opinion of the court.
Richard Sweasy sued Harvey & Claxton, to recover the amount of a promissory note signed by the firm name and style, by John Swain as their agent, and -also signed by John Swain as a joint promissor. The defendants pleaded on oath nil debet, upon which there was issue. On the trial, Swain was offered as a witness to prove the making of the note, and his authority as agent. The defendants objecting to his competent cy, on the ground that he was a joint maker of the note, and had therefore an interest in fixing the liability of the defendants, *450 he was examined on his voir dire, and stated that the plaintiff had given a written release of all liability on said note, and that he was wholly discharged therefrom by said release, which he then had in his possession, but had not brought with him to court. The defendant objected to this mode of establishing the fact and the effect of a written release, and insisted that it must be produced and proved, and then be submitted to the inspection and judgment of the court as to its legal operation, before the ihcompetency of the witness could be removed by said supposed instrument. But the court overruled this objection, and the witness was sworn and examined in chief.
And the first question is, whether the court erred in permitting to be set up, and in giving effect to the instrument in question in the mode adopted. And we think it very clear that the court did err. The instrument was in existence, as the witness alleged, and within his control, and actual, but not manual possession. Its existence, then, should have been shown by its production in court, and its legal effect declared by the judgment of the court. But the witness was not only trusted to prove its existence, but to construe it, and establish its legal operation. For he says it was a release discharging from liability. But however erroneous this mode of proving and giving effect to the release may have been, still if the witness was competent without a release, the error will be immaterial; and the main question is, whether the witness was competent without any release. And we are of opinion that he was not competent; but not upon the ground that an agent cannot prove his own agency, because if such agency did not exist, he could in some mode be made liable to the plaintiff. For it has been long and well settled, upon grounds of policy and necessity, that an agent, notwithstanding such interest, may prove what he did, and his authority for doing it But the incompetency in this case arises from his being a joint promissor. The character and operation of the interest arising from that ground of relation as it affects the question of competency, would be one not without its difficulties, if it had presented itself for the first time. But the question is identical in principle with that of the question as to whether one partner can be heard *451 to prove the existence of a partnership, This question has been elaborately discussed and conclusively settled in the case of Vanzant vs. Kay, and Foster vs. Eaton and in other cases.
The vinculum of the joint promise in such a case as this, places the joint promissor in the same category of interest, ¿pro hac vice, with the partner called to prove the contract of partnership; and the same rule as to the competency must be applied.
Other questions have been discussed in this case. It is insisted by the defendants below, that the plaintiff having got before the court in his own mode, the fact of a release to Swain the joint promissor, the legal effect of such release was to discharge the liability of the defendants, and that the Circuit Court ought so to have instructed the jury. To this, there are two objections: 1st, Nothing but a technical release under the seal of the party could have that effect; and, secondly, if there had been such a release, it must have been pleaded by plea, since the last continuance, unless the release existed, and that was shown before the time the plea of nil debet was filed.
The judgment, however, will be reversed, for the reasons in this opinion set forth, and the case be remanded for a new trial therein.